**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **JOSE CONTRERAS,** § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | No. 1:24-CV-00847-RP |
| **EVANS WEAVER, MATTHEW** § | |
| **FOYE, and JUDGE JULIE** § | |
| **KOCUREK,** § | |
| *Defendants* § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Jose Contreras's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Contreras is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Contreras's financial affidavit and determined Contreras is indigent and should be granted leave to proceed *in forma pauperis*.

Accordingly, the Court hereby **GRANTS** Contreras's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Contreras is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Contreras's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Contreras has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Contreras seeks, through this Section 1983 lawsuit, to overturn a state criminal conviction for driving while intoxicated as well as recover damages. Dkt. 1, at 4-5; 42 U.S.C. § 1983. Contreras alleges that Defendants Evans Weaver, District Attorney Matthew Foye, and Judge Julie Kocurek failed to comply with the Americans with Disabilities Act ("ADA") during the criminal case against Contreras. Dkt. 1, at 3-4. Specifically, Contreras asserts that Weaver falsely testified that Contreras was intoxicated at the time of the motor-vehicle incident giving rise to the criminal proceedings, when in fact Contreras had suffered from an epileptic seizure while driving. *Id.* at 4. Contreras further alleges that Foye and Kocurek "arranged" for Contreras to plead guilty to the criminal charges. *Id.*

District Attorney Foye and Judge Kocurek are entitled to absolute immunity from Contreras's claims against them. "Judges have absolute immunity for all acts performed in the exercise of judicial functions, no matter the alleged magnitude or

mendacity of the acts." *Lewis v. City of Waxahachie*, 465 F. App'x 383, 384 (5th Cir. 2012) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994)). Similarly, state-court prosecutors have absolute immunity for their actions in "initiating a prosecution and in presenting the State's case" if the conduct is "associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991). Here, Contreras does not allege that either District Attorney Foye or Judge Kocurek did anything outside of their official duties in "arranging" for Contreras to plead guilty to his state criminal charges. Dkt. 1, at 4. Contreras's claims against District Attorney Foye and Judge Kocurek should be dismissed.

Contreras's ADA claim against Weaver should also be dismissed. Contreras alleges that Weaver fabricated testimony during the criminal case in which Contreras, according to his own allegations, pleaded guilty to driving while intoxicated. *Id.* Yet Weaver's conduct while serving as a witness in a criminal prosecution cannot give rise to a claim under the ADA. While Title II of be ADA can be enforced against private actors, plaintiff must plead that he was denied "full and equal enjoyment" of a "place of public accommodation" owned or operated by the defendant. 42 U.S.C. § 12182(a); *see also Deutsh v. Wehbe*, No. 1-15-CV-702 RP, 2015 WL 6830920, at *2 (W.D. Tex. Nov. 6, 2015). Here, Contreras has not alleged that Weaver owned a place of public accommodation or denied Contreras the benefit of using such a place—instead complaining of Weaver's allegedly false testimony during the criminal proceeding. Dkt. 1, at 4. Contreras has thus failed to state a claim against Weaver.

## III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Contreras's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Court **DISMISS** Contreras's cause of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

## IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 19, 2024.

                                          DUSTIN M. HOWELL
                                          UNITED STATES MAGISTRATE JUDGE